**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ISLAM AHMED ELSAID SALEM,**

                       **Plaintiff,**

    vs.                                        **5:12-CV-1441
                                                  (MAD/VEB)**

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security,**

                       **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**LAW OFFICES OF STEVEN R. DOLSON**    **STEVEN R. DOLSON, ESQ.**
126 North Salina Street, Suite 3B
Syracuse, New York 13202
Attorneys for Plaintiff

**LAW OFFICES OF KENNETH HILLER, PLLC**    **KENNETH R. HILLER, ESQ.**
6000 North Bailey Avenue – Suite 1A
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **DENNIS J. CANNING, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On August 25, 2009, Plaintiff applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. *See* Tr.[1] at 128-30. The application was denied initially and

---

[1] Citations to "Tr." refer to the Administrative Transcript. *See* Dkt. No. 10.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On November 2, 2010, a hearing was held in Syracuse, New York before ALJ Jeffrey M. Jordan. *See* Tr. at 22.

On January 13, 2011, ALJ Jordan issued a written decision finding that Plaintiff was not disabled within the meaning of the Social Security Act and denied his claim for benefits. *See id.* at 7-21. On August 28, 2012, the ALJ's decision became the Commissioner's final decision when the Social Security Administration Appeals Council denied Plaintiff's request for review. *See id.* at 1-6.

Plaintiff commenced this action on September 19, 2012, pursuant to 42 U.S.C. § 405(g), seeking review of a decision of the Commissioner of Social Security denying Plaintiff's application for SSI. *See* Dkt. No. 1. On December 6, 2013, Magistrate Judge Bianchini issued a Report and Recommendation in which he recommended that the Court grant Plaintiff's motion for judgment on the pleadings, deny the Commissioner's motion, and remand this case for further proceedings. *See* Dkt. No. 16. Neither party objected to the Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimants eligibility; however, an Administrative Law Judge makes the actual disability determination. The decision of the ALJ is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine

whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Bianchini's Report and Recommendation, the parties' submissions and the applicable law, the Court concludes that Magistrate Judge Bianchini correctly determined that the ALJ improperly relied solely on Plaintiff's verbal IQ, without citing to any medical evidence in support of his conclusion that the non-verbal testing was a more reliable indicator of Plaintiff's intellectual functioning. *See* 20 C.F.R. § 404, Subpart P, App. 1 § 12.00D(6)(c); *see also Muncy v. Apfel*, 247 F.3d 728, 733 (8th Cir. 2001) (remanding to the Commissioner to provide "further analysis to resolve the twenty-five point discrepancy between [the claimant's] two IQ scores" and directed the Commissioner to "enter specific findings detailing why [the] first IQ score should not be adopted as the controlling score"). Here, the ALJ was required to provide something more than a conclusory opinion, expressed in a single sentence without supporting citation, when he deviated from the requirement (or presumption) in favor of the lowest available IQ score.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's December 6, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[2] for further proceedings consistent with Magistrate Judge Bianchini's Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 12, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[2] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).